(79 South. 212)

No. 23129.

GAIENNIE v. DRUILHET.

In re GAIENNIE.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. PLEADING ⬥⟳11—MATTERS OF EVIDENCE—SECONDARY EVIDENCE.

Under Code Prac. art. 172, requiring only that plaintiff allege a cause of action, in contest of primary election because nonresidents were allowed to vote, testimony of bystanders, who had seen ballots and could testify as to contents, was not inadmissible because of absence of allegation of fraud in conduct of election, or of the ballot boxes not having been safely kept.

2. ELECTIONS ⬥⟳28—SECRECY AS TO VOTE.

A legal voter cannot be required to divulge, on or off the witness stand, for whom he voted, but an illegal voter, as a nonresident, can be required.

Certiorari to Court of Appeal, Parish of Iberia.

Election contest by Florian J. Gaiennie against F. J. Druilhet, resulting in judgment for defendant in the district and circuit courts, whereupon plaintiff applied for certiorari or a writ of review to the Court of Appeals, which denied the application, and plaintiff appeals. Judgments below set aside, and case remanded.

Weeks & Weeks, of New Iberia, for appellant. E. S. Broussard, of New Iberia, for respondent.

PROVOSTY, J. [1] Plaintiff's competitor in a primary election held under Act 35, p. 66, of 1916, for mayor of the town of Jeanerette, was returned elected by majority of 1, 71 to 70. Plaintiff contests on the ground that three nonresidents, not entitled to vote, were allowed to vote, and voted for, and were counted for his competitor. The ballot boxes not having been kept in the manner required by law, so as to be safe against tampering, but, on the contrary, having been kept in a manner which afforded a full opportunity for any one to tamper with them who might desire to do so, plaintiff took the position that the ballots therein had lost their value as evidence (9 R. C. L. 154), and that the only reliable evidence available as to whom the three alleged nonresidents in question had voted for was the testimony of the bystanders who had seen the ballots and could testify to their contents. The trial court and the Court of Appeal held that, in the absence of any allegation of fraud in the manner of the conduct of the election, or of the ballot boxes not having been safely kept, this secondary evidence was inadmissible. This ruling appears to us to be unsound. The question is not one of pleading, but of evidence. A litigant is not required to make any allegation touching the evidence by which his case is to be supported. He need only allege his cause of action. C. P. art. 172. The evidence by which he is to establish it is an entirely different thing. The laying of a predicate for the admission of secondary evidence is a matter of evidence, not of pleading. The manner in which the ballot boxes were kept subsequently to the election, whereby the ballots lost their probative character, formed no part of plaintiff's cause of action. It was not because of the ballots having been thus loosely kept that plaintiff claimed to be entitled to the office, but because he had received a majority of the legal votes, and a different result had been made to appear by reason of the three illegal votes in question having been received and counted for his adversary.

[2] Another ruling of our brethren below was in not compelling the said three alleged nonresident voters to testify for whom they voted. A legal voter cannot be required to divulge, on or off the witness stand, for whom he voted. Tullos v. Lane, 45 La. Ann. 333, 12 South. 508; 15 Cyc. 423; 9 R. C. L. 142. But the same is not true of an illegal voter. 15 Cyc. 424; 9 R. C. L. 142. If, therefore, the plaintiff should succeed in showing to the satisfaction of the trial court that the three voters in question were nonresidents, and not qualified voters at said election, the secrecy protecting legal voters would not stand in the way of the said three voters being required to divulge for whom they voted.

The judgment of the district court and also that of the Court of Appeal are therefore set aside, and the case is remanded, to be proceeded with according to law, and the views in the present opinion expressed. The defendant to pay the costs of the application for certiorari.