GARDNER *v.* BOARD OF SCHOOL DISTRICT NO. 6, TOWNSHIP OF LEONI.

1. ELECTIONS—WITNESSES—WAIVER OF PRIVILEGE—SECRECY.
   If a voter, as a witness, voluntarily admits illegality of his vote, he waives privilege against self-incrimination, and he may be required, in behalf of exact justice, to disclose how he voted.

2. SAME—SCHOOLS AND SCHOOL DISTRICTS—SELF-CONFESSED ILLEGAL VOTER MAY BE QUESTIONED AS TO HOW HE VOTED.
   Persons who, as witnesses, admitted voting illegally at school bond election for purpose of attacking election by showing `that unqualified persons voted, and then claiming that the number thereof equaled the majority the proposition received, were properly questioned as to how they voted, since they voted unchallenged, and provisions of Act No. 319, Pub. Acts 1927, relating to procedure to be employed in case right of one offering to vote at school election is challenged, have no application.

On constitutionality of statute providing for numbering ballots, see annotation in 8 L. R. A. (N. S.) 888.

·3. SCHOOLS AND SCHOOL DISTRICTS—ELECTIONS—DEFINITENESS OF
   PLACE OF ELECTION.

   District school election to authorize issuance of bonds "called
   to be held in schoolhouse in said district" may not be held
   void on ground that place of election was indefinite because
   there were two school buildings in said district, one used
   as kindergarten, and situated across road from schoolhouse
   proper, in absence of evidence of confusion or showing that
   voters did not understand where they were to vote.

4. SAME—DEFINITENESS OF QUESTION SUBMITTED.

   Nor was election void on ground that, as submitted to vote,
   particular schoolhouse to which addition was proposed to
   be made was not designated, where it is clear that every
   voter understood that an addition to schoolhouse proper was
   intended, and no claim is made that any voter thought that
   addition to kindergarten building was contemplated.

5. SAME—SPECIAL SCHOOL MEETING—STATUTES.

   Special school meeting to be called by school board at request
   of legal voters to take action toward rescission of bonding
   authorization does not fall within scope or purpose of statu-
   tory special meeting provided for in section 3, chap. 2,
   pt. 2, Act No. 319, Pub. Acts 1927, and therefore board had
   right to ignore request of over 100 legal voters to call special
   meeting for said purpose.

Appeal from Jackson; Parkinson (James A.), J.
Submitted July 31, 1929. (Docket No. 152, Calen-
dar No. 34,274.) Decided October 7, 1929.

Bill by Edward E. Gardner and others to restrain
the school board of School District No. 6, township
of Leoni, Jackson county, Michigan, and another
from issuing bonds authorized at a special election.
From a decree for defendants, plaintiffs appeal. Af-
firmed.

*F. L. Blackman,* for plaintiffs.

*Reuben H. Rossman,* for defendants.

WIEST, J. The bill herein was filed to restrain defendants from issuing bonds authorized at an election in a school district. Plaintiffs appealed from a decree adjudging the election valid and dismissing their bill. The point principally stressed is that unqualified persons voted, sufficient in number to offset the majority the proposition received. Plaintiffs called witnesses who voted, and, without claim of privilege, a number admitted disqualifications. Thereupon the circuit judge permitted such self-confessed illegal voters to be questioned as to how they voted, and it appeared from their testimony that most of them voted against the bonding, and that in truth and fact the proposition to bond carried by a small majority.

Counsel for plaintiffs contends that the court was in error in permitting such inquiry. The court was right. Each witness so inquired of had confessed disqualification to vote. A legal voter is protected from disclosing how he voted, but one who admits that he voted illegally may, in a judicial proceeding involving the election, be required to disclose how he voted. If a voter, as a witness, voluntarily admits the illegality of his vote, he waives the privilege against self-incrimination, and he may be required, in behalf of exact justice, to disclose how he voted. The offense committed by such a person, if any, is in voting at all and not in how he voted, and the privilege against self-incrimination if waived as to his illegal act in voting cannot be made to extend to the subject of how he voted. The rule upon this is supported by ample authority. 9 R. C. L. pp. 1150, 1151; *Powers* v. *Harten,* 183 Iowa, 764 (167 N. W. 693); *Gaiennie* v. *Druilhet,* 143 La. 662 (79 South. 212); *Montoya* v. *Ortiz,* 24 N. M. 616 (175 Pac. 335). The same holding was made in *People* v. *Cicotte,* 16 Mich. 283 (97 Am. Dec. 141). But

counsel for plaintiffs contends that, under subse-·
quent legislation relative to school districts and
codified in Act No. 319, Pub. Acts 1927, that decision
is no longer applicable. The statute so invoked re-
lates to the procedure to be employed in case the
right of one offering to vote is challenged. At the
election we are considering no voter was challenged,
and the statutory provisions relative to challenges,
marking of ballots, preservation of evidence, and
procedure thereunder do not apply. The statute
secures secrecy of the ballot and affords review of
action based upon challenges, but does not allow
parties attacking the election to show that unquali-
fied persons voted without challenge and then claim
that the number thereof equaled the majority the
proposition received, and, therefore, regardless of
how such persons illegally voted, the bond issue did
not carry. Cases involving challenged voters and
acts of election inspectors with respect thereto have
no application to the question at bar.

The election was "called to be held in schoolhouse
in said school district, etc." In the district are two
school buildings; one used as a kindergarten, and
situated across the road from the school building
proper. Because of the two school buildings we
are asked to hold that the place of election was
indefinite. There is no evidence of confusion as to
place and no possible reason for the voters not
understanding where they were to vote. We are
not impressed with the point urged.

The question submitted was:

"Shall School District No. 6, Township of Leoni,
county of Jackson, state of Michigan, borrow the
sum of eighty-five thousand dollars ($85,000.00) and
issue its bonds therefor for the purpose of erecting
the (and) furnishing addition to schoolhouse in
said district   *   *   *.''

The point is made that the particular schoolhouse was not designated. No claim is made that any one thought that an addition to the kindergarten building was contemplated. Plans for an addition to the school building proper had been prepared, thoroughly discussed in the district, and were displayed at the voting place. An addition to the schoolhouse proper was clearly intended and so understood by every voter.

After the election, over 100 legal voters requested the district board to call a special meeting to take action toward rescission of the bonding authorization. This request was not complied with. Plaintiffs claim right to have such special meeting called under the provisions of section 3, chap. 2, pt. 2, Act No. 319, Pub. Acts 1927. That section provides:

"Special meetings may be called by the district board * * * and it shall be the duty of said board or any of them, to call such meetings on the written request of not less than five legal voters of the district. * * * but no special meeting shall be called unless the business to be transacted may lawfully come before such meeting, and no business shall be transacted at a special meeting unless the same be stated in the notice of said meeting."

The action contemplated did not fall within the scope or purpose of the mentioned statutory special meeting.

We find no occasion to discuss jurisdictional questions presented by defendants.

The decree dismissing the bill is affirmed, with costs against plaintiffs.

North, C. J., and Fead, Clark, McDonald, Potter, and Sharpe, JJ., concurred. The late Justice Fellows took no part in this decision.