**SMITH v. SILVIO et al.**

No. 1211.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

Ashton L. Stewart and Jos. A. Loret, both of Baton Rouge, for appellant.

Laycock & Moyse, of Baton Rouge, and Spearing & McClendon, of New Orleans, for appellees.

LE BLANC, Judge.

Plaintiff appeals from a judgment in the lower court under which his suit was dismissed on an exception of vagueness.

The court had sustained the exception to the petition as originally drawn, but had allowed plaintiff ten days in which to amend. A supplemental petition alleging many facts in greater detail was then filed, but on motion of defendants to dismiss on the ground that

the original petition had not been amended in every particular as ordered, the court rendered judgment dismissing plaintiff's demands as in case of nonsuit.

It seems almost paradoxical that a petition ten pages long together with a supplemental petition of two pages, the two comprising sixty separately numbered paragraphs, should be dismissed on an exception of vagueness. And yet that is just what occurred in this damage suit, which appears to be one arising out of the usual and ordinary street intersection collision between two automobiles.

To the original petition defendants pleaded vagueness in eight different particulars. In the ruling on this first exception the order of court itself does not specify in which of these the plaintiff was to amend. We presume, however, that it was with respect to all of the complaints, as we find that plaintiff did amend in seven instances, and yet defendants succeeded in having the suit dismissed on plaintiff's refusal to further amend.

From brief of counsel for defendants, appellees, we learn that their remaining complaint against the petition and supplemental petition is that they fail to allege the place where either of the automobiles was struck, how far the car of the principal defendant Silvio was from the intersection when the plaintiff, after stopping his car, started into the intersection, the rate of speed at which plaintiff was proceeding, the point in the intersection where the impact took place, and the location of the cars at the time of the accident, and also that they fail to allege with sufficient certainty how far north in the intersection was the Silvio car when plaintiff proceeded to enter it; the allegation being merely an approximation of between 100 and 300 feet.

■■■ With respect to the place where each automobile was struck by the impact, the exact location in the intersection where the impact took place, and the location of the cars after the accident, it strikes us that these are all matters of an evidentiary nature, and the rule of pleading as we understand it is that a plaintiff does not have to set out in his petition all the evidence in support of his demand. "A litigant is not required to make any allegation touching the evidence by which his case is to be supported. He need only allege his cause of action. C. P. art. 172. The evidence by which he is to establish it is an entirely different thing. The laying of a predicate for the admission of secondary evidence is a matter of evidence, not of pleading." Gaiennie v. Druilhet, 143 La. 662, 79 So. 212, 213. The plaintiff in this case, after describing the intersection and stating the direction in which each was traveling, clearly alleges that he had already entered the intersection but had not crossed it when the Silvio car, running at a rapid and excessive rate

of speed, drove into the intersection and into his automobile so that the Silvio car collided with his. We think that by this allegation, taken also in connection with others of the same nature, he has laid a predicate on which he would be permitted to submit proof of the very details called for by the defendant's exception, should it become necessary to do so. Moreover, these details are matters of evidence with which the defendant Silvio is, or should be, as familiar as is the plaintiff, and as to such, plaintiff was not required to allege minutely. The principal object of pleading is to inform an opponent of the ground on which the cause of action is based, and to apprise him in a general way of what to expect to be proved against him; the idea being to place him on his guard and not to take him by surprise. We think that that object, as far as it relates to the matters here under discussion is concerned, has been accomplished, for it is difficult for us to conceive how an adversary who is, or should be, equally informed on such matters as is the pleader, could very well plead surprise.

■■■ With regard to the defendant's complaint that the petition does not state the rate of speed at which plaintiff's car was proceeding, we believe that a sufficient answer is found in paragraph 9 of plaintiff's original petition, wherein he alleges that before entering the intersection he brought his car to a stop and had looked up and down the intersecting streets to see whether it was safe for him to drive across. He then makes allegations to the effect that the Silvio car was sufficiently far enough from the intersection to justify him in the belief that it was safe for him to venture across, all of which allegations, if true, would indicate that he was free of contributory negligence. An automobile starting across a street from a full stop could not, in our opinion, be moving at a rapid rate of speed while still in the intersection. We are of the opinion that the facts and circumstances stated made it unnecessary for the plaintiff to have alleged specifically the rate of speed at which he was going as he went across the street.

■■■ Lastly, we take up the complaint that the petition does not state with enough certainty how far north of the intersection the Silvio car was when plaintiff proceeded to enter it. In connection with this complaint, we think it sufficient to state that in the original petition plaintiff alleges that as he looked up and down the street after stopping his car at the intersection, the Silvio car was coming in a southerly direction a "considerable distance" north of the intersection. In his supplemental petition he alleges "that as well as he was able to judge" when he was about to enter the intersection, Silvio's automobile was "approximately between one hundred feet and three hundred feet north of said

intersection." We believe that here the plaintiff has made a fair and honest statement of what he takes to be the facts on which he intends to prove negligence against the defendant Silvio. We think it is next to impossible for any one looking at an automobile coming from his right or left side to state with positiveness the number of feet it is distant from him at any given time. We believe that the distance has been stated with sufficient accuracy by the plaintiff here to save his suit from dismissal on the ground of vagueness.

Among other requirements, article 172 of the Code of Practice provides that "the petition must contain a clear and concise statement of the object of the demand, as well as of the nature of the title, or the cause of action on which it is founded." We do not know whether we should use the term "concise" in referring to the statement contained in both the petitions in this case, but we are of the opinion that it is clear and that the cause of action on which the demand is founded is satisfactorily stated.

The judgment of the lower court improperly dismissed plaintiff's suit, and we have concluded that it should be reversed.

For the reasons herein given, it is ordered that the judgment appealed from be, and the same is hereby, set aside, avoided, and reversed, and it is further ordered that the exception of vagueness herein be, and the same is hereby, overruled, and that this case be remanded to the district court to be further tried according to law. Defendants and appellees to pay all costs so far incurred.