BELCHER v MAYOR OF THE CITY OF ANN ARBOR

1. CONSTITUTIONAL LAW—VOTING—BALLOT—SECRET VOTE—WORDS
   AND PHRASES.

   Michigan's present constitution provides for voting by secret ballot in all elections; the use of the word "ballot" has long been construed to mean a secret vote, as distinguished from an announced vote (Const 1963, art 2, § 4).

2. CONSTITUTIONAL LAW—VOTING—LEGAL AND QUALIFIED VOTERS—
   SECRET VOTE—PRIVILEGE NOT TO TESTIFY—VOID BALLOT.

   A legal and qualified voter is privileged from testifying as to the candidate for whom he cast his vote, and a qualified voter is not deprived of his privilege of refusal to testify as to the contents of his ballot where the ballot itself is void.

3. CONSTITUTIONAL LAW—VOTING—RIGHT OF SECRECY—NONQUALIFIED
   VOTER.

   The constitutional right of secrecy in voting does not extend to persons who are not qualified to vote under the constitution; therefore, a person who admits that he voted without proper qualifications can, in a judicial proceeding, be required to disclose how he voted.

4. CONSTITUTIONAL LAW—VOTING—SECRET VOTE—PRIVILEGE NOT TO
   TESTIFY—NONQUALIFIED VOTERS—MISTAKE IN LEGISLATION.

   The privilege of a legal and qualified voter not to testify as to the candidate for whom he cast his vote does not extend to voters who voted in an election in which they were not qualified to vote; this rule applies even though there was no improper or illegal action on the part of the unqualified voters who voted in the election only after going to the proper office for registration and where the error occurred because the officials taking the registration believed the addresses given lay within the city limits when in fact they did not.

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Elections § 234.
[2–4] 26 Am Jur 2d, Elections § 347.

Appeal from Washtenaw, James J. Kelley, J. Submitted October 10, 1977, at Lansing. (Docket No. 77-3971.) Decided November 7, 1977.

Complaint by Louis D. Belcher against Albert H. Wheeler, Mayor of the City of Ann Arbor, and the City Clerk of the City of Ann Arbor and the Washtenaw County Board of Canvassers contesting the official election return of the office of Mayor of the City of Ann Arbor. Witnesses Susan Van Hattum and Diane Lazinsky, who had voted in the election but were not qualified to do so because they lived outside the city boundaries, refused to reveal how they voted in the election and were held in contempt of court. Defendant Wheeler filed an application for leave to appeal from the interlocutory order of the circuit judge compelling certain witnesses to testify how they voted in the election together with a motion for immediate consideration and a motion for stay of proceedings. A motion for immediate consideration, a motion to intervene and a motion to quash subpoenas were filed by witnesses Van Hattum and Lazinsky and the American Civil Liberties Union. Motion for immediate consideration, stay of proceeding and intervention granted. Motion to quash subpoenas denied. Application for leave to appeal denied.

*Hurbis, Henry, & Graf,* for plaintiff.

*Laird & Grace,* for defendant Mayor of the City of Ann Arbor.

*R. Bruce Laidlaw,* City Attorney, for defendant Ann Arbor City Clerk.

Washtenaw County Legal Aid (by *Jonathan I. Rose),* for Susan R. Van Hattum.

American Civil Liberties Union (by *Harris, Lax, Goldman and Gregg)*, for Diane Lazinsky and Susan R. Van Hattum.

Before: QUINN, P. J., and ALLEN and M. F. CAVANAGH, JJ.

PER CURIAM. This is a contested election case arising out of the April 4, 1977, regular city election in Ann Arbor, Washtenaw County, Michigan. Defendant Albert H. Wheeler was issued a certificate of election to the office of Mayor of the City of Ann Arbor on the basis of official election returns showing that he had won by a single vote, having received 10,660 votes.

Thereafter, plaintiff Louis D. Belcher, who had received 10,659 votes, began this lawsuit. It is based on allegations that 23 illegal votes were cast at the election. Plaintiff asserted that 20 of the voters did not live within the city boundaries and therefore were unqualified voters because improperly registered. The allegations as to the impropriety of the remaining 3 votes are not presently before this Court.

Visiting Circuit Judge James J. Kelley was assigned to this case. On October 3, 1977, trial commenced, and 17 of the 20 voters alleged to live outside the city testified that although they were registered in Ann Arbor and had voted in the April 4, 1977, Ann Arbor city election they did not live within the city boundaries.

Plaintiff then advised the court that he intended to recall each voter witness and ask for whom each illegal vote was cast. After a brief recess, the trial court ruled, over objection, that testimony as to how each unqualified voter cast his or her vote was admissible.

Plaintiff then began recalling the voter wit-

nesses to the stand. Three of them answered the question, with 2 having voted for Mr. Wheeler and 1 having voted for Mr. Belcher. However, Susan Van Hattum, when recalled to the stand, refused to answer taking the position that she had a legal right not to reveal for whom she voted. After a discussion with her, the trial judge held her in contempt of court. Thereafter, Diane Lazinsky, when recalled to the stand, also refused to answer the question, taking a position similar to that of Ms. Van Hattum. The lower court then ordered a continuance of the trial.

Defendant mayor filed an application for leave to appeal in this Court together with a motion for immediate consideration and a motion for stay of proceedings. On October 10, 1977 this Court issued an order granting the motion for immediate consideration and the motion for stay of proceedings. Disposition of the application for leave to appeal was reserved so as to give other parties an opportunity to file pleadings with this Court.

Since then a motion for immediate consideration, a motion to intervene, and a motion to quash subpoenas have been filed by Ms. Van Hattum, Ms. Lazinsky, and the American Civil Liberties Union. Additionally, an answer in opposition to the application has been filed by plaintiff, and an answer in support of the application has been filed by the City Clerk of the City of Ann Arbor.

Michigan's earlier state constitutions provided for voting by ballot except for township offices. Const 1850, art 7, § 2; Const 1908, art 3, § 7. The present constitution provides for voting by secret ballot in all elections. Const 1963, art 2, § 4. The use of the word "ballot" has long been construed by the Michigan Supreme Court to mean a secret vote, as distinguished from an announced vote.

*People v Cicott,* 16 Mich 283; 97 Am Dec 141 (1868), *overruled on other grounds, Petrie v Curtis,* 387 Mich 436; 196 NW2d 761 (1972), *Detroit v Board of Inspectors of Election,* 139 Mich 548; 102 NW 1029; 111 Am St R 430; 69 LRA 184; 5 Am Ann Cas 861 (1905).

Further, the law is well established that a legal and qualified voter is privileged from testifying as to the candidate for whom he cast his vote; and a qualified voter is not deprived of his privilege of refusal to testify as to the contents of his ballot where the ballot itself is void. 26 Am Jur 2d, Elections, § 347, p 166.

However, it is also settled law in Michigan that the constitutional right of secrecy in voting does not extend to persons who are not qualified to vote under the constitution. *People v Cicott, supra, Gardner v Board of School District No 6, Leoni Twp,* 248 Mich 134; 226 NW 895 (1929), *Thompson v Cihak,* 254 Mich 641; 236 NW 893 (1931). A person who admits that he voted without proper qualifications can, in a judicial proceeding, be required to disclose how he voted. In the present case, determining for whom the illegal votes were cast could prevent manifest injustice if more of the qualified electors voted for plaintiff than for the defendant mayor. That is, the illegal votes of unqualified persons should not elect to office someone whom the qualified voters would not have elected to office.

This is not to imply that any of the 20 voters, including Ms. Van Hattum and Ms. Lazinsky, themselves acted improperly or illegally. From the record it appears that they went to the proper office for registration, stated their correct addresses, and were accepted for registration. The error occurred because the city officials taking the

registration believed the addresses given lay within the city limits. But even though the error was inadvertent both on the part of those registering and the city officials taking the registration, the 20 persons involved were not qualified to vote. To them the right of secrecy in voting does not extend. Any other rule would permit, as it would here, nonresidents to elect to office a person not elected by resident qualified voters, or in the alternative, force a new and expensive election.

The motion for immediate consideration and the motion to intervene are hereby granted. The motion to quash subpoenas is hereby denied. The application for leave to appeal from the interlocutory order is hereby denied for failure to persuade the Court of the need for immediate appellate review, it appearing that the trial court correctly followed the law. A public question being involved, no costs are allowed.