BELCHER v MAYOR OF ANN ARBOR

Docket Nos. 60693, 60694. Decided January 23, 1978. On applications by intervening defendants and defendant Mayor of the City of Ann Arbor for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals and remanded to the circuit court for further proceedings.

Louis D. Belcher brought an action for quo warranto against the Mayor of the City of Ann Arbor, Albert H. Wheeler, and others alleging that defendant Wheeler was issued a certificate of election to the office of Mayor of Ann Arbor by a one-vote margin which included 23 illegal votes. The plaintiff called as witnesses Susan Van Hattum and Diane Lazinsky who had been mistakenly registered in Ann Arbor and had voted in the city election although they did not live in the city. The two witnesses refused to answer for whom they had cast their illegal ballots, claimed that they had a right of secrecy in voting, and have intervened as defendants. The Washtenaw Circuit Court, James J. Kelley, Jr., J., held Ms. Van Hattum in contempt and ordered a continuance of the trial until the matter could be decided on appeal. The Court of Appeals, Quinn, P. J., and Allen and M. F. Cavanagh, JJ., denied leave to appeal in a per curiam opinion (Docket No. 77-3971). The intervening defendants and the defendant Mayor of Ann Arbor apply for leave to appeal. *Held:*

A citizen's right to a secret ballot in all elections as guaranteed by the Constitution cannot be abrogated in the absence of a showing that he acted fraudulently. The Court expresses no opinion on the validity of the election. The decision of the Court of Appeals is reversed and the case is remanded to the circuit court for further proceedings.

Reversed and remanded.

79 Mich App 387; 261 NW2d 56 (1977).

*Hurbis, Henry & Graf* for plaintiff.

*Laird & Grace* for defendant Mayor of Ann Arbor.

*Jonathan I. Rose* for intervening defendant Susan Van Hattum.

*Harris, Lax, Goldman & Gregg* for intervening defendant Diane Lazinsky.

Per Curiam. Defendant-appellant Albert H. Wheeler asks us to review the Court of Appeals determination that pursuant to *People ex rel Williams v Cicott,* 16 Mich 283; 97 Am Dec 141 (1868), *overruled on other grounds, Petrie v Curtis,* 387 Mich 436; 196 NW2d 761 (1972), *Gardner v Board of School District No 6, Leoni Twp,* 248 Mich 134; 226 NW 895 (1929), and *Thompson v Cihak,* 254 Mich 641; 236 NW 893 (1931), the constitutional right of secrecy in voting does not extend to a person who admits that he voted without proper qualification. We reverse.

Defendant-appellant Wheeler was issued a certificate of election to the office of Mayor of the City of Ann Arbor on the basis of official election returns showing that on April 4, 1977 he had won by one vote, having received 10,660 votes.

Plaintiff-appellee Belcher began an action for quo warranto based on allegations that 23 illegal votes were cast at the election. Plaintiff claimed that 20 of the voters did not live within the city boundaries and therefore were unqualified voters even though properly registered.

In October 1977 trial commenced and the record discloses that 17 of the 20 voters were mistakenly registered in Ann Arbor and apparently in good faith had voted in the April 4, 1977 city election, although they did not live within the city boundaries. Thereafter plaintiff advised the court that he intended to recall each voter and ask for whom each illegal vote was cast. The trial court ruled that such a procedure was permissible.

When intervening-defendant-appellant Susan Van Hattum was called to the stand she refused to answer, claiming that she had a legal right not to reveal for whom she had voted. She was then held in contempt. Thereafter intervening-defendant-appellant Diane Lazinsky was recalled to the stand and also refused to answer the question on similar grounds.

The trial court then ordered a continuance of the trial so that the matter could be litigated in the Court of Appeals. That Court denied appellants' application for leave to appeal in a per curiam opinion.

We hold that a citizen's right to a secret ballot in all elections as guaranteed by Const 1963, art 2, § 4, cannot be so abrogated in the absence of a showing that the voter acted fraudulently. We express no opinion on the validity of the election.

The motion for immediate consideration is granted. The applications for leave to appeal are considered and pursuant to GCR 1963, 853.2(4), the decision of the Court of Appeals is reversed and this matter is remanded to the circuit court for further proceedings consistent with this opinion. The motion for stay of proceedings is denied as moot.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.